ELLIS, Judge.
This is a workmen’s compensation case. Plaintiff Richard Brown was injured on August 14, 1967, when his ankle was broken. At that time, he was working as a fitter. He was unable to work until December 11, 1967, when he was allowed to return to light duty. He received wages in lieu of compensation from his employer, Delta Southern Co., Inc., from that time until April, 1968, when he left that employment to go to Wyoming.
On April 4, 1968, Dr. Moss Bannerman, the treating physician, removed a pin from plaintiff’s ankle. He was of the opinion that plaintiff had a 10% residual disability of his ankle, which would not incapacitate him from performing his duties as a fitter.
While in Wyoming, plaintiff saw Dr. Paul J. Preston, an orthopedist, whose findings were substantially the same as Dr. Bannerman’s. He felt that by August 14, 1968, the plaintiff had fully recovered from the ankle break, and ascribed a non-disabling 5% permanent disability to the leg. He found no functional disability whatsoever.
As of the time of the trial, plaintiff stated that he was still having trouble with the ankle and that he was unable to perform all of his duties as a fitter. It appeared from the record that he had been continuously employed as a fitter since before leaving the employ of Delta Southern Co., Inc. He offered no evidence beyond his own statements to show that he was not able fully to perform his duties as a fitter after his return to work.
On the basis of the foregoing, the trial judge found that plaintiff was no longer disabled as a result of the accident from two weeks after April 4, 1968, when the pin was removed. However, under R.S. 23:1221(4) (p), the court awarded him $15.00 a week for a hundred weeks because of the 10% disability of the ankle. Credit was given for the time that compensation was paid and the time during which plaintiff received wages in lieu of compensation.
From this judgment, the plaintiff has appealed, claiming, first, that the judge should have found him to be permanently and totally disabled; second, that the award for loss of physical function under R.S. 23:1221(4) (p) should be $35.00 per week rather than the $15.00 per week awarded; *713 and third, that if the award is made on the basis of the schedule, defendant should receive no credit for amounts paid to plaintiff while he was totally disabled.
The defendants have answered the appeal and claim that plaintiff was entitled to no compensation whatsoever after April 4, 1968.
We can find no manifest error in the judgment rendered below. Plaintiff was employed as a fitter and was carrying out the duties of his occupation before the pin was removed by Dr. Bannerman. At the time of the trial, he was still so employed. Both of the doctors who examined him found minimal and nondisabling residual disability in his ankle. We think the trial judge correctly concluded that his inability to perform the duties of his occupation ended two weeks after the pin was removed from his ankle by Dr. Banner-man.
The award in this case was properly made under the provisions of R.S. 23:1221 (4) (p), since ankle injuries are not specifically covered by the schedule. That section provides:
“In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks.”
The trial judge’s conclusion that $15.00 per week for 100 weeks was reasonable, and in proportion to the awards specifically provided for in the schedule is not manifestly erroneous.
Under the specific provisions of R. 5. 23:1223, all amounts paid during disability must be deducted from payments made under the schedule. Plaintiff’s third specification of error is therefore without merit.
Defendant has answered the appeal and argues that plaintiff is entitled to no compensation after April 18, 1968, and specifically that he is not disabled and is entitled to no compensation under the schedule. This argument is without merit. The function of plaintiff’s ankle is permanently impaired to the extent of 10%. R.S. 32:1221(4) (p) is specifically designed to cover such a situation.
The judgment appealed from is affirmed at plaintiff’s cost.
Affirmed.